# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

SOO LINE RAILROAD COMPANY
by *administrator* CANADIAN
PACIFIC KANSAS CITY (CPKC),

    Plaintiff,

v.

WE CENTER, LLC,

    Defendant.

Case No. 24-CV-1527-JPS

**ORDER**

---

1.  **INTRODUCTION**

Plaintiff SOO Line Railroad Company by administrator Canadian Pacific Kansas City (CPKC) ("Plaintiff") sues Defendant WE Center, LLC ("Defendant") for damages under 49 U.S.C. § 10743(a). ECF No. 1. Plaintiff served Defendant through its registered agent on December 3, 2024. ECF No. 5 at 3.

Defendant failed to timely appear and respond. Fed. R. Civ. P. 12(a)(1)(A)(i). The Court accordingly instructed Plaintiff to request Clerk's entry of default. Jan. 14, 2025 text order. Plaintiff did so, ECF No. 6, and the Clerk of Court entered default against Defendant accordingly, *see* Jan. 21, 2025 docket entry. Now before the Court is Plaintiff's motion for default judgment. ECF No. 7. For the reasons discussed herein, the Court will grant the motion and enter default judgment against Defendant in the total amount of $103,592.05.

## 2. FACTS[1]

Plaintiff is an interstate railroad company, incorporated and headquartered in Minnesota, that engages in interstate commerce. ECF No. 1 at 2. Defendant is a limited liability company doing business in, and with a registered agent address in, Milwaukee, Wisconsin. *Id.*

Between January 2022 and April 2022, Plaintiff stored loaded shipping containers at its facility in Schiller Park, Illinois on behalf of Defendant. *Id.*; ECF No. 7-1 at 1.[2] Plaintiff stored the containers for two days for free. *See generally* ECF No. 1-1 ("FREE TIME (DAYS)[:] 2"). After that, the daily rate for storage was $150 per day per container. *See generally id.* Defendant was both the shipper (also referred to as consignor) and consignee on these shipments as noted on the Bills of Lading. ECF No. 1 at 2; ECF No. 7-1 at 1.

For the relevant period, *see infra* note 2, storage charges accrued totaling $100,200. ECF No. 7-1 at 1; *see also* ECF No. 1-1 (invoices reflecting $100,200 in total charges); ECF No. 1 at 2 ("Charges were assessed pursuant to Tarriff [sic] 7210 of the Plaintiff."). Interest also accrued pursuant to the tariff in the total amount of $3,392.05. ECF No. 7-1 at 1.

---

[1] Facts relevant to this Order are drawn from the complaint, ECF No. 1, and from Plaintiff's "Certification of Proof," ECF No. 7-1. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) (noting that, for purposes of default judgment, court must accept complaint's factual allegations as true, except those relating to damages) (citing Fed. R. Civ. P. 8(b)(6) and *Quincy Bioscience, LLC v. Ellishbooks*, 957 F.3d 725, 725 (7th Cir. 2020)).

[2] Plaintiff's "Certification of Proof" provides that Plaintiff stored the containers "[i]n March and April of 2022." ECF No. 7-1 at 1. It is clear from the invoices attached to the complaint, ECF No. 1-1, that the period asserted in the complaint—"[b]etween January of 2022 and April of 2022," ECF No. 1 at 2—is the accurate period.

Plaintiff made several attempts at obtaining payment from Defendant for the money owed, but Defendant has "failed to pay any part of" the total amount owed. *Id.* at 2; ECF No. 1 at 3 ("[D]efendant has failed and refused to pay the invoices . . . .").

3. **LAW AND ANALYSIS**

   **3.1  Jurisdiction**

"Before the court can consider entering judgment, . . . it must be satisfied that subject matter jurisdiction exists over this lawsuit." *Abele v. Abele*, No. 21-cv-370-wmc, 2021 U.S. Dist. LEXIS 140621, at *2 (W.D. Wis. July 28, 2021) (citing *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit.")). The Court is satisfied that it has subject matter jurisdiction. Plaintiff invokes 28 U.S.C. § 1337(a), which provides that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce," and 49 U.S.C. § 10743, which "codifies the common-law rule that the consignee of freight is presumptively liable for demurrage accrued at the destination." ECF No. 1 at 1; *Wis. Cent. Ltd. v. TiEnergy, LLC*, 894 F.3d 851, 855–56 (7th Cir. 2018) (citing *Ill. Cent. R.R. Co. v. S. Tec Dev. Warehouse, Inc.*, 337 F.3d 813, 820 (7th Cir. 2003)).[3]

---

[3]Plaintiff also purports to invoke the Court's diversity jurisdiction, ECF No. 1 at 1, but it fails to appropriately plead the citizenship of the natural citizen member of Defendant, *id.* at 2 (alleging that "[t]he principal and member of [Defendant] is Timothy Baldwin with an address of 10850 W. Park Place, Suite 560, Milwaukee, Wisconsin."). *Sheneman v. Jones*, 682 F. App'x 498, 499 (7th Cir. 2017) ("Diversity jurisdiction turns on citizenship, which means domicile, not residence." (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989))). In any event, the Court need not rely on diversity jurisdiction here, given its conclusion that it has jurisdiction under 28 U.S.C. § 1337 and 49 U.S.C. § 10743.

The Court is also satisfied that it has personal jurisdiction over Defendant. *See e360 Insight v. Spamhouse Project,* 500 F.3d 594, 598 (7th Cir. 2007) ("Default judgments rendered without personal jurisdiction are void . . . .") (collecting cases). Defendant is organized under the laws of Wisconsin, has a registered agent address in Wisconsin, ECF No. 1 at 2, and does business in Wisconsin, *id.* at 1. *See Duncanson v. Wine & Canvas IP Holdings LLC,* No. 1:16-cv-00788-SEB-DML, 2017 U.S. Dist. LEXIS 221763, at *5 (S.D. Ind. Apr. 20, 2017) (noting that "the Supreme Court in *Daimler* [*AG v. Bauman,* 571 U.S. 117 (2014)] suggested that an LLC's state of formation and principal place of business are the salient inquiries in determining where an LLC is subject to general personal jurisdiction"). The Court is therefore satisfied based on the record now before it that it has personal jurisdiction over Defendant.

### 3.2 Liability

"Even after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." *Quincy Bioscience, LLC v. Bryk Enter., LLC*, No. 22-cv-658-jdp, 2023 U.S. Dist. LEXIS 65712, at *8 (W.D. Wis. Apr. 13, 2023) (quoting 10A Fed. Prac. & Proc. Civ. § 2688.1 (4th ed.)). The Court is so satisfied.

As noted *supra* Section 3.1, § 10743 "codifies the common-law rule that the consignee of freight is presumptively liable for demurrage accrued at the destination." *Wis. Cent. Ltd*., 894 F.3d at 855–56 (citing *Ill. Cent. R.R. Co*., 337 F.3d at 820). Plaintiff alleges that Defendant was both the shipper and the consignee of the shipping containers that Plaintiff stored, as set forth on the Bills of Lading. ECF No. 1 at 2; ECF No. 7-1 at 1. Defendant is therefore presumptively liable for "demurrage accrued at the destination." *Wis. Cent. Ltd*., 894 F.3d at 855–56 (citing *Ill. Cent. R.R. Co*., 337 F.3d at 820).

Page 4 of 6
Case 2:24-cv-01527-JPS    Filed 03/27/25    Page 4 of 6    Document 8

Plaintiff also alleges that it stored the shipping containers on Defendant's behalf, ECF No. 1 at 2; ECF No. 7-1 at 1, and further that Defendant has not paid the amount owed for such accrued storage charges, ECF No. 1 at 3; ECF No. 7-1 at 2. The Court is accordingly satisfied that the unchallenged facts constitute a legitimate cause of action under § 10743.

### 3.3 Relief

A default judgment movant bears the responsibility to prove its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citing 10 MOORE'S FEDERAL PRACTICE, § 55.32[1][c] (3d ed. 2012)). Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry "to ascertain the amount of damages with reasonable certainty." *e360 Insight*, 500 F.3d at 602 (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (internal bracketing omitted)). "[J]udgment by default may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiff seeks to recover a total of $103,592.05 in damages. ECF No. 1 at 3. That total is comprised of $100,200 worth of accrued charges, *see* ECF No. 1-1, plus interest on the accrued charges in the amount of $3,392.05, ECF No. 1 at 3; ECF No. 7-1 at 1. The Court is satisfied that Plaintiff has proved its damages with reasonable certainty and that no hearing on damages is required. The invoices that Plaintiff submitted reflect charges totaling $100,200.00, and the invoices explicitly note that "interest charges

on late payments are in accordance with applicable CP Tariffs . . . ." ECF No. 1-1. Senior Manager of Receivables for Plaintiff, David Waldie, attests that interest has accrued pursuant to the applicable tariffs in the amount of $3,392.05. ECF No. 7-1. The Court will accordingly enter default judgment for Plaintiff in the total amount of $103,592.05.[4]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment, ECF No. 7, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant shall pay to Plaintiff the total sum of $103,592.05, together with post-judgment interest as provided by law and costs as may be taxed by the Clerk of Court; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[4] Plaintiff's complaint also references "interest and costs." ECF No. 1 at 3. "Civil litigants who win money judgments in district courts are entitled to post judgment interest. This much is guaranteed them by statute, 28 U.S.C. § 1961(a)." *Pace Commc'ns, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 591 (7th Cir. 1994). "Post-judgment interest will accrue automatically from the date of the Court's judgment in this case" and will continue to accrue until the date of payment. *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, 288 F. Supp. 3d 872, 905 (E.D. Wis. 2017) (citing *Pace*, 31 F.3d at 591 and *Student Loan Mktg. Ass'n v. Lipman*, 45 F.3d 173, 176 (7th Cir. 1995)); 28 U.S.C. § 1961(b). Section 1961(a) sets forth the applicable interest rate for civil cases.